## POST *v.* PEARSON.

IN ERROR TO THE SUPREME COURT OF THE TERRITORY OF DAKOTA.

Decided May 7th, 1888.

*Contract—Demurrer—Pleading.*

An agreement in writing, between " W., superintendent of the Keets Mining Company, parties of the first part, and P., party of the second part," by which " the said parties of the first part " agree to deliver at P.'s mill ore from the Keets mine (owned by the company) to be crushed and milled by P.; and signed by "W., Supt. Keets Mining Co.," and by P.; is the contract of the company.

An order sustaining a defendant's demurrer, and giving the plaintiff leave to amend, does not preclude the plaintiff from renewing, or the court from entertaining, the same question of law at the subsequent trial on an amended declaration.

This was an action brought in an inferior court of Dakota Territory by John B. Pearson against Alvin W. Whitney and Morton E. Post, copartners under the name of the Keets Mining Company.

Annexed to the complaint was a copy of a contract under seal, entitled " Memorandum of an agreement made and entered into this 16th day of July, 1877, at Central City, Dakota, by and between A. W. Whitney, superintendent of the Keets Mining Company, parties of the first part, and J. B. Pearson, party of the second part;" and by which "the said parties of the first part " agree to deliver at Pearson's mill in Central City gold-bearing ore from the Keets mine from time to time, in quantities sufficient to constantly supply the working capacity of the mill of about thirty tons daily; and also agree to pay the sum of nine dollars for each ton crushed and milled; and Pearson agrees to run his mill constantly upon that ore for a term of ninety days from the date of the contract; and which is signed and sealed as follows:

> " A. W. Whitney,                [Seal.]
> "Sup. Keets Mining Co.
> " John B. Pearson.            [Seal.]"

The complaint set forth the terms of the contract, and alleged the plaintiff's performance and readiness to perform, and the defendants' neglect and refusal to deliver ore as agreed, or to pay for crushing and milling what they did deliver.

The defendant Post demurred to the complaint, because he was not shown to be a party to the contract sued on, and because sufficient facts were not stated to constitute a cause of action against him. The inferior court sustained the demurrer, and gave the plaintiff leave to amend his complaint.

The plaintiff then filed an amended complaint, not alleging the contract to have been in writing, but setting forth its terms, and alleging the other facts substantially as in the original complaint. The defendants answered, Post denying all the allegations of the amended complaint, and Whitney admitting the making of the contract, and denying the other allegations.

At the trial, the written contract was admitted in evidence, without objection. It appeared that it was made by the parties thereto; and that Whitney, in making it, acted in behalf and for the benefit of the Keets Mining Company, of which he was the superintendent, and that he was understood by the plaintiff so to act; and that Whitney, as such superintendent, afterwards broke the contract, to the damage of the plaintiff.

The plaintiff, against the objection of Post, and for the purpose of showing that Post was one of the real parties in interest and a participant in the results of the contract, and that Whitney acted merely as the agent of himself and Post as principals, was permitted to introduce oral evidence that Post was an owner of the Keets Mine, and a copartner with Whitney, under the name of the Keets Mining Company, in the business of working the mine and having ore from it crushed, and as such copartner received a large portion of the proceeds of the contract, knowing whence they came.

The court also declined to rule and instruct the jury, as Post requested, that the order sustaining his demurrer to the original complaint prevented a recovery against him in this action.

Post alleged exceptions to both rulings, and the jury returned a verdict for the plaintiff, upon which judgment was rendered.

On appeal, that judgment was affirmed by the Supreme Court of the Territory. See 2 Dakota, 220. Post sued out this writ of error.

*Mr. R. T. Merrick* and *Mr. M. F. Morris* for the plaintiff in error.—I. The liability of Post can be sustained only upon proof that Whitney in the execution of the contract was authorized to bind him; and there was no such proof. Mr. Justice Story, in his Treatise on Agency, lays down the law upon this subject, as follows: " In order to bind the principal and to make it his contract, the instrument must *purport on its face* to be the contract of the principal; and his name must be inserted in it and signed to it, and not merely the name of the agent, even though the latter be described as the agent in the instrument; or at least the terms of the instrument should clearly show that the principal is intended to be positively bound thereby, and that the agent acts plainly as his agent in executing it." Story on Agency, sec. 147; Story on Contracts, sec. 222; *Stackpole* v. *Arnold,* 11 Mass. 27, 29; *Bedford, &c.,* v. *Covell,* 8 Met. 442. Nor does it make any difference that the person signing the contract signs as "agent," or with any other *descriptio personæ;* it is still his own contract, and not that of a principal whom he may have intended to bind. This is held universally by all the authorities. *Stone* v. *Wood,* 7 Cow. 453; *Bank* v. *Monteath,* 1 Den. 402; *Seaver* v. *Coburn,* 10 Cush. 324; *Jones* v. *Littledale,* 6 A. & E. 486; *Magee* v. *Atkinson,* 2 M. & W. 440; *Higgins* v. *Senior,* 8 M. & W. 834; *Appleton* v. *Binks,* 5 East, 148; *Duvall* v. *Craig,* 2 Wheat. 45; *Tippets* v. *Walker,* 4 Mass. 595; *Forster* v. *Fuller,* 6 Mass. 58; *White* v. *Skinner,* 13 Johns. 307; *Elwell* v. *Shaw,* 16 Mass. 42; *Smith* v. *Morse,* 6 Wall. 76, 83. It does not alter the fact that Whitney and Post were partners. One partner cannot bind his copartner by an instrument under seal, at least when the partners are not present and no assent is shown.—II. The second ground of complaint on behalf of the plaintiff in error is, that the matter in controversy between him and the defendant in error had been adjudicated in the territorial district court by the decision upon the demurrer interposed by Post to

Pearson's first complaint, that this demurrer went to the merits of the case; and that the judgment upon it should have been allowed as a bar to further proceedings upon the trial of the issue raised by the amended complaint. It matters not now whether the demurrer was good or bad, or whether the judgment upon it was right or wrong. There *was* judgment upon it; and the plaintiff in the suit acquiesced in that judgment; and the judgment became final. And the question now is, whether that judgment is not a bar to any further proceedings intended to enforce the contract involved in it. The claim of the plaintiff in error is that the court below erred in refusing to rule out that contract and to give effect to the judgment on the demurrer as a bar to the suit, supported as the suit was merely by the contract in question. That a decision upon demurrer, if it involves the merits of the case, is just as final as any other decision, is beyond question. It is also true that "a decision given in the progress of a case, whether right or wrong, is the law of the case in which it is given and binding upon the parties." *Rector* v. *Danley*, 14 Ark. 304; *Cole* v. *Clarke*, 3 Wisc. 292; *Deslonde* v. *Darrington*, 29 Ala. 92; *Thomas* v. *Doub*, 1 Md. 252; *Lucas* v. *San Francisco*, 28 Cal. 591. There is no difference in principle between a decision on demurrer in the same case as *res judicata* for all subsequent proceeding, and a similar decision rendered in a different case. The demurrer, if sustained, disposes of the subject-matter; and the pleading demurred to drops entirely out of the case, if the party thereafter amends.

*Mr. J. W. Smith* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court. After reciting the facts as above set forth, he said:

It is unnecessary to consider whether, if this were to be treated as a contract under seal, it could be held to be upon its face the contract of the Keets Mining Company, and not of Whitney only, or whether the oral testimony would have been admissible to charge Post; because, by the Civil Code of Dakota, " all distinctions between sealed and unsealed instruments

are abolished," and " any instrument within the scope of his authority, by which an agent intends to bind his principal, does bind him, if such intent is plainly inferable from the instrument itself." Civil Code of Dakota of 1877, §§ 925, 1373.

By the subject-matter of this contract, which is the delivery and milling of ore from the Keets Mine; by the description of Whitney, both in the body of the contract and in the signature, as superintendent of the Keets Mining Company; and by the use of the words " parties of the first part," which are applicable to a company and not to a single individual—the contract made by the hand of Whitney clearly appears upon its face to have been intended to bind, and therefore did bind, the company; and, upon proof that Post was a partner in the company, bound him. *Whitney* v. *Wyman*, 101 U. S. 392; *Hitchcock* v. *Buchanan*, 105 U. S. 416; *Goodenough* v. *Thayer*, 132 Mass. 152.

The order sustaining Post's demurrer to the original complaint gave the plaintiff leave to amend, and did not preclude the plaintiff from renewing, nor the court from entertaining, the same question of law upon a fuller development of the facts at the trial on the amended complaint. *Calder* v. *Haynes*, 7 Allen, 387.

*Judgment affirmed.*