## WOODARD v. OUTLAND. *

Circuit Court of Appeals, Eighth Circuit. December 12, 1929.

No. 8612.

*Rehearing denied February 27, 1930.

O. L. O'Brien, of Independence, Kan. (P. E. Reeder, of Kansas City, Mo., H. H. Montgomery, of Bartlesville, Okl., Banks, O'Brien & McVey, of Independence, Kan., and Winger, Reeder, Barker, Gumbiner & Hazard, of Kansas City, Mo., on the brief), for appellant.

W. H. H. Piatt, of Kansas City, Mo. (Thomas R. Marks, of Kansas City, Mo., on the brief), for appellee.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

BOOTH, Circuit Judge. This is an appeal from an order barring appellant, plaintiff below, from further prosecuting an action at law. The sinuosities of practice leading up to the order were in substance as follows: The suit was brought upon a verbal contract covering the drilling of certain wells upon lands held by plaintiff under leases. The petition set out the contract as follows:

"As a result of said negotiations, on or about the 7th day of December, 1921, at Dewey, Oklahoma, it was verbally agreed between plaintiff and defendant that the defendant would raise the necessary money to be used in fully developing said lease at once (including expense of first well); that the said plaintiff would contribute his skill and time and effort in the drilling and full development of said leases, which was to be done at the earliest practicable date; that sufficient money to pay the expenses of said development would be raised by defendant and used in the payment of said expenses; that as a consideration for having provided the money for the payment of the expenses and developing said property, as above set out, defendant should have a one-half interest in said developed property and the oil and gas produced therefrom."

A demurrer was interposed and sustained. The court in its opinion on the sustaining of the demurrer held that the contract as set forth in the petition was too indefinite and uncertain to be valid. The court also said that the petition showed that the plaintiff had abandoned the agreement in this: That though the defendant was to raise the money to be used in drilling the wells, yet he did not

do so, but plaintiff himself raised the money, thereby freeing himself from any obligation to the defendant; and accordingly freeing the defendant. Leave was granted to file an amended petition.

An amended petition was filed. It set forth the contract in greater detail than the original petition, and it removed the uncertainty and indefiniteness pointed out by the court in the original petition. It also alleged that it was mutually agreed upon by the parties that any advances made by the plaintiff were to be repaid by the defendant; that where the drilling and developing was done upon the credit of the plaintiff, the defendant was to take care of the obligations incurred; that the defendant did advance about $3,500; that the contract had been performed by plaintiff, but not fully by defendant.

A motion was made by defendant to strike this amended petition, and to abate the cause and enter judgment for defendant, on the ground, amongst others, that there was a departure from the original cause of action which was set up in the original petition. The court overruled this motion to strike. A motion was made for rehearing on the motion to strike; the court overruled the motion for rehearing, and said:

"This is not a case, in my judgment, in which the amended petition states an entirely different cause of action from the original petition. In the original petition the same subject matter was set up as a basis for the proceeding as that which is set up in the amended petition. It was so defectively stated, however, in the original petition that as stated it did not set out sufficient facts to constitute a cause of action. I think that insufficiency could be remedied by amendment and that that is what has been done in the amended petition."

Thereafter a motion was made by defendant to bar the further prosecution of the action, on the ground that the original petition had set out a contract; that defendant by its demurrer had admitted it to be the contract between the parties; that the court in sustaining the demurrer had adjudicated that the contract set out was the contract between the parties, and had further held the contract to be invalid; that the ruling on the demurrer had not been appealed from; that the amended petition counted upon the same contract; that the ruling of the court that the contract was invalid on the demurrer, had become res adjudicata; and that the ruling was a bar to the prosecution of the action on the amended petition.

The court sustained the motion to bar the further prosecution of the action; and from that order the present appeal was taken.

The court, in our opinion, was right in refusing to strike out the amended petition; and in holding that the contract set up in the amended petition was the same contract as in the original petition; that the cause of action was the same; and that it was properly stated in the amended petition.

■■■ The amended petition simply stated in greater detail the contract set up in the original petition. The new allegations in the amended petition covered the points of uncertainty which had been pointed out by the court in sustaining the demurrer to the original petition. The amended petition also alleged the performance of the contract by plaintiff. The allegations in the amended petition as to the contract are neither contradictory of nor inconsistent with the allegations in the original petition. The original petition and the amended petition could both be true. The amended petition was properly allowed to stand if it stated a cause of action. The trial court held that it did state a cause of action, and we concur in that view.

■■■ The federal statute covering amendments to pleadings (U. S. C. tit. 28, § 777 [28 US CA § 777]) is liberally construed.

An amendment which is only an amplification of the cause of action alleged in the original pleading is properly allowed. The rule in this circuit was well stated in the case of In re Plymouth Cordage Co., 135 F. 1000, 1003, where the court, speaking through Judge Walter H. Sanborn, said: " * * * The uniform practice of the federal courts, founded on the public policy of the nation evidenced by acts of Congress and the rules of the Supreme Court, is to permit amendments in all judicial proceedings where they are necessary to enable parties to reach the merits of the controversy they attempt to present, and where the allowance of such amendments will work no injustice to any one." See also cases cited under section 777, 28 USCA, at page 90.

In sustaining the motion to bar the further prosecution of the cause of action set up in the amended petition, we think the trial court erred. No memorandum was filed in connection with the order, so that we do not know with certainty the grounds of the order, and the parties themselves are not agreed as to the grounds. We shall assume, however, that the court adopted the grounds set forth in the motion to bar.

The fundamental error involved in the motion to bar the further prosecution of the cause of action set up in the amended petition, is the assumption that the order sustaining the demurrer to the original petition was a final adjudication of what the terms of the contract between plaintiff and defendant really were, and also a final adjudication that the contract was invalid. We think that the order sustaining the demurrer was not such an adjudication.

Res adjudicata can be pleaded in bar of a pending action only in case there has been a former final judgment on the merits. 24 Am. & Eng. Encyc. of Law, pp. 792, 793; 2 Freeman on Judg. (5th Ed.) § 717; Aurora City v. West, 7 Wall. 82, 93, 19 L. Ed. 42; Merriam v. Saalfield, 241 U. S. 22, 28, 36 S. Ct. 477, 60 L. Ed. 868; Swift v. McPherson, 232 U. S. 51, 34 S. Ct. 239, 58 L. Ed. 499; Post v. Pearson, 108 U. S. 418, 2 S. Ct. 799, 27 L. Ed. 774; McKinnon v. Johnson, 57 Fla. 120, 48 So. 910.

It is true that a judgment on a demurrer, as well as a judgment on proof, can be pleaded as res adjudicata, if the judgment is on the merits, and also is final, i. e. if the defeated party is not allowed, or refuses, to plead further. Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Yates v. Utica Bank, 206 U. S. 181, 27 S. Ct. 646, 51 L. Ed. 1015; Ledbetter v. Wesley, 23 F.(2d) 81 (C. C. A. 8); 13 A. L. R. 1104 note.

It is also true that a general demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action raises an issue of law which, when tried, will dispose of the case on the merits, unless leave to amend or plead over is granted and exercised. Gould v. Evansville, etc., R. Co., 91 U. S. 526, 23 L. Ed. 416; Alley v. Nott, 111 U. S. 472, 4 S. Ct. 495, 28 L. Ed. 491; Bissell v. Spring Valley Twp., 124 U. S. 225, 8 S. Ct. 495, 31 L. Ed. 411; Lindsley v. Union Silver Star Min. Co. (C. C. A.) 115 F. 46; Parrotte v. Dryden, 73 Neb. 291, 102 N. W. 610; Hirschbach v. Ketchum, 79 App. Div. 561, 80 N. Y. S. 143; Moore v. Chattanooga, etc., Ry. Co., 119 Tenn. 710, 727, 109 S. W. 497, 16 L. R. A. (N. S.) 978; Plant v. Carpenter, 19 Wash. 621, 53 P. 1107; 13 A. L. R. 1111 note.

But an order sustaining a demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action is not a final judgment on the merits if leave to amend is granted and an amendment made, supplying essential allegations lacking in the first complaint; or if new suit is brought on a new complaint supplying the essential allegations. 33 C. J. § 14, pp. 1059, 1060; 31 Cyc. pp. 350, 351; 2 Freeman on Judg. (5th Ed.) § 747; Gould v. Evansville, etc., R. Co., supra; Gilmer v. Morris (C. C.) 46 F. 333; City of North Muskegon v. Clark (C. C. A.) 62 F. 694; Miller v. Margerie (C. C. A.) 170 F. 710; Bennett v. Southern Bank, 61 Mo. App. 297; Shanklin ex rel. Wetzler v. Francis, 67 Mo. App. 457; Wing v. Union Cent., etc., Ins. Co., 167 Mo. App. 14, 150 S. W. 1121; Pearson v. Post, 2 Dak. 220, 9 N. W. 684, same case on appeal Post v. Pearson, 108 U. S. 418, 2 S. Ct. 799, 27 L. Ed. 774; Connor v. Corson, 13 S. D. 550, 83 N. W. 588; 13 A. L. R. 1113 note.

Applying the foregoing principles to the facts in the case at bar, we think it is clear that there was no final adjudication as to what the terms of the contract between the parties really were, or as to the invalidity of the contract. The order sustaining the demurrer with leave to amend the petition was a mere interlocutory order. It was not a final adjudication, and could not properly be pleaded as such to the amended petition which set up essential facts that had been omitted from the original petition.

It follows that the order appealed from must be reversed.

It is so ordered.