## RUUD v. AMERICAN PACKING & PROVISION CO.
### No. 12135.

United States Court of Appeals
Ninth Circuit.

Oct. 25, 1949.

Albaugh, Bloem, Hillman & Barnard, Idaho Falls, Idaho, for appellant.

Neil R. Olmstead, Ogden, Utah, O. R. Baum and Ben Peterson, Pocatello, Idaho, for appellee.

Before GARDNER, Chief Judge, Eighth Circuit, sitting by special designation, and BONE and POPE, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee to recover damages for the breach of a written contract for the sale of 300 steers. The parties will be referred to as they were designated in the trial court. Plaintiff is and for many years has been engaged in carrying on a general livestock, slaughtering and meat packing business at Ogden, Utah. Defendant at and prior to the times mentioned in the complaint was and for many years had been engaged in carrying on a general ranching business near Irwin, Idaho, where he was engaged in raising, feeding, buying and selling livestock for commercial purposes.

Plaintiff's complaint alleges that on or about November 4, 1946, plaintiff and defendant entered into a written contract by which defendant agreed to sell to plaintiff and plaintiff agreed to purchase 300 steers for delivery about ten months later; that delivery was duly demanded about September 3, 1947 but that defendant failed, refused and neglected to make delivery to plaintiff's damage in the sum of $31,026, for which demand had been made and payment refused. A copy of the written contract was attached to the complaint and by reference made a part thereof.

Defendant answered, in effect admitting the signing and manual delivery of the contract, but alleged that it was delivered on condition (1) that the provision therein contained providing for a 3 per cent shrinkage be eliminated and (2) that the contract should not take effect unless and until defendant procured the steers contracted for from other parties. It was then alleged that these conditions not having been complied with, the contract never became effective but was abandoned and a new agreement entered into.

The action was tried to the court without a jury and the court found all the controverted issues in favor of the plaintiff except that it found that the contract had subsequent to its execution been modified by oral agreement so as to change the number of steers contracted for from 300 head to 240 head. The findings are separately stated and go into minute detail,

definitely determining every issue of fact involved. The court found as a matter of fact and concluded as a matter of law that the contract was a valid and binding obligation which defendant had breached by his failure to make delivery. It found the market value of the steers at the time delivery should have been made to be 25 cents per pound live weight, as compared to the contract price of 17½ cents per pound, and that plaintiff's damage was the difference between the market value and the contract price. It found on the evidence that the weight of the steers at the time of delivery should have been 950 pounds each; that the contract had been modified so as to reduce the number of steers defendant was obligated to deliver from 300 to 240. Based on the findings the court calculated plaintiff's damages at $17,100, for which amount, plus the sum of $3,000 which plaintiff had paid on the contract, judgment was entered.

Defendant seeks reversal on substantially the following grounds: (1) the court erred in denying defendant's offer of proof to the effect that the original contract was conditionally delivered and that the same conditions attached to the subsequent new agreement for a modification of the original contract, and in making findings of fact 3, 15 and 21; (2) the court erred in determining the weight and grade of the steers which should have been delivered and in making findings of fact 5 and 9; (3) the court erred in holding that the parties merely modified the original contract and in making findings 4, 14, 17 and 18; (4) the court erred in refusing to allow defendant to impeach the witness Louis Salerno; (5) plaintiff suffered no damages which were recoverable in this action and the court erred in making findings 8, 12, 20 and 22; (6) the court erred in holding that plaintiff had fully performed the terms of the contract on its part to be performed and in making findings 6, 13 and 16; (7) the court erred in denying defendant's motion to dismiss at the close of plaintiff's case; (8) defendant did not receive a fair trial.

In effect, defendant's points relied upon for reversal, with two exceptions, are bottomed on the claim that the court's findings are not sustained by the evidence. Manifestly, if the findings of the court are sustained by substantial competent evidence the judgment appealed from should be affirmed. These findings are presumptively correct and must be sustained unless clearly erroneous. Rule 52(a) Federal Rules Civil Procedure, 28 U.S.C.A.; Matson Navigation Co. v. Hansen, 9 Cir., 132 F.2d 487; MacDonnell v. Capital Co., 9 Cir., 130 F.2d 311; Federal Savings & Loan Ins. Corp. v. First Nat. Bank, 8 Cir., 164 F.2d 929. Defendant's argument is presented on the apparent theory that the action is triable de novo in this court but this is an appellate court and our function is to review alleged errors of law that may have been committed by the trial court. We are not at liberty to substitute our judgment for that of the trial court, and on appeal that view of the evidence must be taken which is most favorable to the prevailing party, and, if when so viewed, the findings are supported by substantial competent evidence, they should be sustained.

In passing it should be observed that defendant's contentions as to the insufficiency of the evidence are based largely upon the testimony of the defendant himself. A review of the record discloses that defendant's oral testimony was in conflict (1) with the written contract; (2) with statements contained in his letters; (3) with prior oral statements shown to have been made by him; (4) with the testimony of witnesses, some of whom had been his employees; and (5) with the surrounding facts and circumstances. In a memorandum filed by the trial court, indicating the court's views as to the facts and applicable law, the court, among other things, said, "I place no credence whatever in his (defendant's) testimony. Only in particulars in which it is fully corroborated by other evidence do I regard it as worthy of belief. Defendant reneged on his engagement for the obvious reason that it was to his advantage to do so."

It was within the province of the trial court to judge of the credibility of the witnesses and the weight to be given to their testimony, and under Rule 52(a), supra, "due regard shall be given to the

opportunity of the trial court to judge of the credibility of the witnesses." Accepting, as we must, the judgment of the trial court as to the credibility of the defendant as a witness, we think there is no merit in his contention that the findings challenged by him are not sustained by substantial competent evidence. The only evidence tending to show conditional delivery of the contract was the testimony of the defendant. In our opinion the findings are clearly sustained by abundant evidence and we shall therefore pretermit further discussion of that question.

While the defendant was on the witness stand his counsel made an offer "to prove by this witness that at the time this contract was entered into or signed, at the time it was negotiated with Mr. Salerno, immediately prior to the signing of the contract, that the defendant did not have 300 head of steers or any number whatever, on his ranch, and did not own any steers which were the subject matter of this contract; that it was understood and agreed between the plaintiff corporation by and through their agent Mr. Salerno that the contract would not take effect until Mr. Ruud had purchased the steers which would be the subject matter of the contract and that the contract was delivered conditionally upon his obtaining such steers to be the subject matter of the contract, that the steers were never obtained and the subject matter of the contract was never in existence and that the contract was never delivered and never became effective." On objection the offer was denied. First, it may be observed that this defendant had already testified that Mr. Salerno knew that defendant had no cattle at his ranch. He was interrogated and answered as follows:

"Q. And did he (Salerno) know you had no cattle there at the time the contract was signed? A. Yes, I spoke to him there at the time the contract was signed. He said he knew that there was no cattle on the ranch."

The offer of testimony was made at the close of the case, by which time manifestly the court had reached the conclusion that the testimony of this witness was entitled to no credit whatever. The offer was in direct contradiction of recitals in the written contract. It was in contradiction of recitals in at least two letters written by the defendant. It was in conflict with the direct testimony of at least two witnesses, one of whom had been in the employ of the defendant at the time the contract was signed. In this connection it should be noted that it appears from the undisputed evidence that defendant accepted and retained a payment of $3,000 on this contract. Later, he by letter made an offer in settlement of the contract and apparently he never denied, until this action was brought, that that contract had become effective. Certainly, if there had been a conditional delivery a performance of the condition might have been waived by the acts of the parties and would be waived by treating the agreement as in effect. The court in the instant case found that there had been such a waiver if any such condition ever existed. The denial of this offer was certainly not prejudicial to the defendant.

The court found that subsequent to the execution of the contract it was modified to the extent of decreasing the number of steers from 300 to 240. This finding, we think, was in favor of the defendant and it was based upon evidence produced by the defendant. This modification did not abrogate the contract, and in support of the judgment, if amendment of the pleadings to conform to the proof should have been made, this court will presume that it was so made. Failure to amend will not affect the result of the trial of the issues actually presented. Rule 15(b), Federal Rules of Civil Procedure; Hansen v. Creedon, 8 Cir., 163 F.2d 223.

Louis Salerno was called as a witness for the defendant. Counsel for plaintiff objected to his being called as an adverse witness and after it was shown that he was head livestock buyer for the plaintiff the court held that the witness did not come within Rule 43(b), Federal Rules of Civil Procedure, with reference to examination of the managing agent of a private corporation which is an adverse party and which provides that such a witness may be interrogated by leading questions and impeached

as if he had been called by the adverse party, but that defendant might make the witness his own witness and ask him leading questions. He was then asked if he did not know that defendant had no cattle on his ranch when the contract was made. He answered that at the time of the first negotiations he understood he had no cattle but when the contract was signed he presumed defendant had the cattle. He was then asked,

"Q. When was he to bring them to the ranch? A. There was no specific time when he was to bring them to the ranch."

After further interrogation the attention of the witness was called to his deposition taken at a prior hearing and he was then asked,

"Q. Now, will you take the deposition which has been handed to you, at page 16 down to the bottom of page 16, the question there from me directed to you Mr. Salerno: 'I believe you just stated it was your understanding that he was to winter them in Wyoming and bring them to his ranch in the spring?' and your answer, 'That is what Mr. Ruud told me; yes, sir.'

"Judge Baum: We object to this form of examination, it is apparent he is seeking to impeach this witness.

"The Court: There could be no other purpose.

"Judge Baum: And we object as it is improper, within the rule.

"The Court: I think it is unless you bring the witness within the rule."

■ Defendant in his brief assumes that the steers which were the subject of the contract were never identified and that plaintiff should have called Mr. Salerno to identify them. The short answer to this assumption is that it is without foundation in the record. The defendant himself inserted the description of the steers in the contract and there was abundant evidence describing and identifying them, but in any event the defendant called Mr. Salerno and there was no injunction against interrogating him with reference to the identity of these steers had he seen fit to do so. Whether in the preliminary negotiations a specified time was agreed upon when the steers should be brought to defendant's ranch, or whether defendant told Salerno he would bring them in the spring, would seem to be wholly immaterial. The preliminary negotiations ripened into a subsequent written agreement and the claimed inconsistency was not only as to an immaterial matter but the ruling of the court could not possibly have been prejudicial to the defendant.

■ The contention that defendant did not suffer any damages which were recoverable under the evidence is wholly without merit. The contract provided for a basic price for grade A steers. It provided that for steers that graded higher plaintiff would pay a proportionately higher price and for those that graded less a proportionately lower price. Quality was not mentioned in the contract because the purchase price was fixed on a grade basis. The evidence showed the difference in contract price and the market price. It also showed with reasonable certainty the weight which the steers should have carried. Going into the details of this testimony would unduly lengthen this opinion and serve no useful purpose. The evidence, in our judgment, was substantial as the basis for the court's computation of the damages suffered by plaintiff.

■ It is argued that the plaintiff failed to perform the terms of the contract on its part to be performed. This argument is limited to the contention that plaintiff failed to pay the $3,000 down payment as early as it should have been paid. Defendant, however, received plaintiff's check in November, 1946, converted it into cash and retained the proceeds without objection until this suit was commenced in September, 1947. The evidence is overwhelming that this $3,000 was paid on the contract in question and not on any subsequent or other agreement, and the court so found.

■ At the close of plaintiff's case defendant moved to dismiss the action and it is here urged that the denial of this motion was error. The motion was denied and defendant then produced testimony in support of his defense. The motion was not renewed at the close of all the evidence. This

was a waiver of the motion, but in view of what we have already said with reference to the sufficiency of the evidence the motion was properly denied.

It is finally argued that defendant did not receive a fair trial. This is not directed to any particular ruling or decision of the court and finds no support in the record.

As we find no prejudicial error in the record, the judgment appealed from is affirmed.