Saraphin VOGRIN, Appellant,

v.

A. G. HEDSTROM, Appellee.

No. 15183.

United States Court of Appeals
Eighth Circuit.

April 22, 1955.

Rehearing Denied May 18, 1955.

Charles M. Miller, Kansas City, Mo., for appellant.

Sam Mandell, Kansas City, Mo. (David Trusty and Popham, Thompson, Popham, Mandell, Trusty & Green, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

Appellant was plaintiff in an action brought by her against appellee to recover damages for personal injuries result-

ing from an automobile accident. As the basis for her cause of action she alleged that on June 9, 1952, at about 4:30 P. M., she was a passenger of defendant Hedstrom sitting and riding in the back seat of a Fordor Buick Sedan automobile owned, operated and driven by the defendant Hedstrom on a public highway of the State of California about ten miles from Reedley, California, when the defendant Hedstrom negligently caused and permitted his automobile to leave the paved portion of the highway for vehicle travel and turn down a high embankment and strike and collide with a large utility pole on the side of the highway causing the automobile to be suddenly stopped and causing plaintiff to be thrown with great force from the back seat against the front seat onto the floor of the automobile seriously and permanently injuring her. She further alleged in some detail the extent and character of the injuries suffered by her and asked judgment for $15,000.00.

The defendant answered challenging the sufficiency of the allegations of the complaint to entitle the plaintiff to any relief, denying that he was guilty of any negligence, and affirmatively alleged that plaintiff was guilty of contributory negligence. The action was tried to the court and a jury and at the close of the plaintiff's evidence defendant moved for a directed verdict on the following grounds:

"1. Plaintiff's petition fails to state a claim upon which any relief can be granted.

"2. Plaintiff's evidence shows that her claim is barred by the applicable statutes of limitations of the State of California.

"3. Plaintiff's evidence shows, as a matter of law, that she was a guest of the defendant Hedstrom, within the meaning of Section 403 of the Vehicle Code of the State of California, at the time of the casualty in which she was injured, and there is no claim by the plaintiff, and her evidence fails to show, that her injuries proximately resulted from the intoxication or willful misconduct of the defendant Hedstrom, and plaintiff is therefore not entitled to recover in this action."

The court directed a verdict for the defendant pursuant to his motion and from the judgment entered thereon plaintiff prosecutes this appeal and seeks reversal on substantially the following grounds:

1. The court erred in directing a verdict for the defendant on the ground that she was guest within the purview of the California guest statute because plaintiff's allegation that she was a passenger was not denied by defendant in his answer and further the evidence showed that she was a compensating guest.

2. The court erred in striking from plaintiff's testimony the statement of defendant that defendant would take his automobile because he had liability insurance and in refusing plaintiff's offer of proof.

It is the contention of plaintiff that as defendant did not in his answer specifically deny that the plaintiff was a passenger in his automobile at the time of the accident no issue was raised under the California guest statute. Defendant, however, protests that this question was not raised before the lower court and that there was no contention in that court that the defendant had admitted that the plaintiff was a compensating guest. A very careful study of the brief record convinces that this contention was not presented in the trial court. However, plaintiff insists that there was no occasion to present the question in that court and counsel states that he was taken by surprise that the defendant in his motion for a directed verdict should contend that the right of recovery was barred by reason of the limitations contained in the California guest statute. This claim, we think, cannot fairly be sustained. Counsel for defendant in his opening statement to the jury before

any evidence had been introduced by either party among other things stated:

"I think the evidence will show, gentlemen, that there wasn't any arrangement where Miss Vogrin was a passenger for hire as in a taxicab or bus or anything of that nature, and under the California law about which His Honor will instruct you, we believe the evidence will show that she was a guest, and as a guest under that law, has no right to bring this action."

This did not provoke any protest from counsel for the plaintiff nor did he suggest that this was not an issue in the case. Again it is observed that when counsel for plaintiff made his offer of proof with reference to plaintiff's testimony that the defendant said he would take his car because he had liability insurance, counsel for defendant objected as follows:

"That is objected to, Your Honor, as immaterial and as highly prejudicial. The law of California fixes the rights of the parties or fixes the status of the plaintiff as a guest in the car."

■ Again it will be noted that plaintiff in her testimony offered proof which she contended made her a compensating guest. This testimony, if counsel's present contention is to be given credence, was entirely inconsistent with the theory that there had been a judicial admission that plaintiff was a compensating guest because she had been designated in her complaint as a passenger. Certainly the term "passenger" does not universally connote that the person so designated is a compensating passenger. Whatever its technical legal significance may be, in common parlance it means an occupant of a motor vehicle other than the person operating it and describes a physical status rather than a technical legal status, 60 C. J.S., Motor Vehicles, § 397, pp. 975 and 976, and under the California guest statute occupants, however they may be designated, are guests unless they are paying compensation for their transporta-

tion. Section 403 California Vehicle Code, Laws 1935, Chapter 27. Manifestly, the question now sought to be urged was not presented to the trial court and hence is not available to plaintiff on this appeal. Barnard v. Wabash R. Co., 8 Cir., 208 F.2d 489 and cases there cited.

■ The only evidence introduced was introduced by the plaintiff and it was directly responsive to the limitations contained in the California guest statute. As has already been noted she introduced evidence as to compensation agreed to be paid by her for her transportation. She, of course, could not be heard to say that the evidence was not addressed to a pertinent issue. Where an issue has in fact been tried even though not made an issue under the pleadings, yet in support of the judgment entered, the pleadings will be presumed to have been amended to conform to the proof. McAllister v. Sloan, 8 Cir., 81 F.2d 707; Schmidt v. United States, 8 Cir., 63 F.2d 390; Ruud v. American Packing & Provision Co., 9 Cir., 177 F.2d 538; Rule 15(b) Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 15(b), supra, among other things provides that:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

In McAllister v. Sloan, supra [81 F.2d 709], which was decided by this court before the adoption of this rule, we said:

"Amendments may be made at any time while the court has jurisdiction, even after judgment; and upon appeal the appellate court may regard a pleading as having been amended to conform to the proof."

In Schmidt v. United States, supra [63 F.2d 392], also decided before the

adoption of Rule 15(b), supra, it was said:

"Where the trial court receives evidence without objection, the pleadings will, on appeal, be presumed to have been amended if such amendment is necessary to support the judgment, and this court may presume the pleadings to have been amended to conform to the proof, or will permit an amendment in this court where the record so warrants."

In Ruud v. American Packing & Provision Co., supra [177 F.2d 541], the Ninth Circuit referring to Rule 15(b), supra, said inter alia:

"This modification did not abrogate the contract, and in support of the judgment, if amendment of the pleadings to conform to the proof should have been made, this court will presume that it was so made. Failure to amend will not affect the result of the trial of the issues actually presented. Rule 15(b), Federal Rules of Civil Procedure".

On this issue we conclude that the contention of plaintiff is wholly without merit.

Referring to the contention that the court erred in directing a verdict for the defendant it remains to consider the argument that in fact plaintiff under the evidence was a compensating passenger. Plaintiff had for a number of years been on very friendly terms socially with defendant and his wife. They had gone on at least one quite extended trip in her automobile. According to her testimony, which is without dispute, she had known the defendant for a long time; they were friends; she was planning to go to the West Coast on a vacation and learning that the defendant was planning a vacation there it was arranged that she was to go along with him, his wife and his brother-in-law and each of them was to pay for their own lodging and meals and that she was to pay one-third of the cost of the gasoline, oil, grease and tire

repair. On her cross-examination these questions and answers appear:

"Q. And you were all just comrades and friends on this trip, weren't you? A. That is right.

"Q. I mean you weren't hiring Mr. Hedstrom, were you, for any purpose? A. No.

"Q. Or hiring his automobile? A. No.

"Q. The whole idea was to arrive at some friendly, mutual understanding, of sharing the expenses, isn't that right? A. That is right. * * *"

Plaintiff testified that defendant later submitted a statement showing that her one-third of the total expense for those items was $22.27 but that she did not pay him.

The pertinent provisions of the California guest statute read as follows:

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

Under this statute as construed by the Supreme Court of California the mere sharing of expenses among traveling friends on a social trip does not constitute the payment of compensation for transportation. McCann v. Hoffman, 9 Cal.2d 279, 70 P.2d 909; Whitechat v. Guyette, 19 Cal.2d 428, 122 P.2d 47; Whitmore v. French, 37 Cal.2d 744, 235 P.2d 3. See also Allen v. Keck, 8 Cir., 212 F.2d 425. The Supreme Court of California in McCann v. Hoffman, supra [9 Cal.2d 279, 70 P.2d 912], has left no

doubt on this question. It is there said inter alia:

"The great weight of authority is to the effect that the sharing of the cost of gasoline and oil consumed on a trip, when that trip is taken for pleasure or social purposes, is nothing more than the exchange of social amenities and does not transform into a passenger one who without such exchange would be a guest, and consequently is not payment for the transportation or compensation within the meaning of the statute."

Again in Whitechat v. Guyette, supra [19 Cal.2d 428, 122 P.2d 49], the Supreme Court of California said:

"It is equally clear that the benefits of hospitality, companionship or goodfellowship accruing to the owner or operator of an automobile as the result of a simple pleasure trip are not benefits that may be considered compensation. Even if there is something tangible in the way of a contribution of money from the occupant to the driver, a sharing of expenses, or even in some cases full payment of gas and oil by the occupant, there is no benefit sufficient to be termed compensation if the trip is of a purely social nature."

The California courts have consistently adhered to this doctrine as is evidenced by what is said in Whitmore v. French, supra [37 Cal.2d 744, 235 P.2d 5]. The rule is thus stated:

"A person who accepts a ride does not cease to be a guest and become a passenger merely by extending customary courtesies of the road, such as paying bridge or ferry tolls (see Rest., Torts, § 490, Comment a), and it has been held that the sharing of expenses does not destroy the host and guest relationship if nothing more is involved than the exchange of social amenities and reciprocal hospitality."

■■ Plaintiff's own testimony conclusively proved that she was not a compensating passenger and hence there was no error in directing a verdict for defendant.

■ It is however, urged that the court erred in striking from plaintiff's testimony the statement that the defendant would take his car because he had liability insurance. After the statement had been stricken by the court counsel for plaintiff made an offer of proof of the matter stricken and also that plaintiff would not have entered into the agreement without defendant having insurance. The offer of proof was denied. Whether or not the defendant carried liability insurance could have had no bearing on the question as to whether or not the plaintiff at the time of receiving her injuries was a compensating passenger or a mere guest. We are cited to no authority in support of the contention of counsel for plaintiff and we have found none. Being of the view that no prejudicial error was committed by the trial court in the trial of this case the judgment appealed from is affirmed.