## Price *v.* National Accident Society, Appellant.

*Insurance—Accident insurance—Death—Violent, external and accidental cause—Voluntary exposure to danger—Evidence—Burden of proof —Classification of risks—Railroad conductor—Passenger.*

Under a policy insuring against death caused solely by external, violent and accidental means, evidence that the insured was found dead between the tracks of a railroad near a station, with his left foot severed from the body, establishes a prima facie case, and casts the burden of proof upon the insurer to show that death resulted from the doing of an unlawful act, or from a voluntary and unnecessary exposure of the deceased to danger or to the obvious risk of danger,—risks not within the terms of the policy.

Where the insured in an accident policy, a shifting passenger conductor on a railroad, is killed after his day's work is done, and while riding as a passenger on a train, the indemnity payable is to be determined not according to his occupation, but according to the fact that

he was a railroad passenger, a less dangerous position under the classification of risks set forth in the policy.

Argued April 16, 1908. Appeal, No. 153, April T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. Term, 1904, No. 988, for plaintiff on case tried by the court without a jury in suit of Elizabeth Price v. National Accident Society. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of life insurance.

The case was tried by EVANS, J., without a jury under the act of April 22, 1874. The court entered judgment for the plaintiff.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Warren J. Seymour,* of *Seymour, Patterson & Siebeneck,* for appellant.—The death was the result of voluntary exposure: Glass v. Masons' Fraternal Accident Assn., 112 Fed. Repr. 495; Alter v. Union Casualty & Surety Co., 108 Mo. App. 169; Follis v. U. S. Mut. Accident Assn., 94 Ia. 435; Tuttle v. Ins. Co., 134 Mass. 175; Small v. Travelers' Protective Assn., 118 Ga. 900; Metropolitan Accident Assn. v. Taylor, 71 Ill. App. 132; Willard v. Accident Assn., 169 Mass. 288 (47 N. E. Repr. 1006); Phila. & Reading R. R. Co. v. Schertle, 97 Pa. 450; Trout v. Turnpike Road, 216 Pa. 119; Green v. Pittsburg, etc., St. Ry. Co., 219 Pa. 241.

Price was killed while violating the law: Duram v. Accident Ins. Co., 63 Vt. 437 (22 Atl. Repr. 530).

*Frank W. Stonecipher,* with him *John M. Ralston,* for appellee, cited on the question of voluntary exposure to unnecessary danger: Dougherty v. Ins. Co., 154 Pa. 385; Standard Life, etc., Ins. Co. v. Thornton, 100 Fed. Repr. 582; Hill v. Cent. Accident Ins. Co., 209 Pa. 632.

Cited on the question of the amount of judgment; National Accident Society v. Taylor, 42 Ill. App. 97; Fox v. Accident Assn., 96 Wis. 390.

OPINION BY BEAVER, J., October 12, 1908:

The insured, for whose death under a policy issued by the defendant, recovery was sought in this case, was found between tracks Nos. 3 and No. 4 of the Pennsylvania railroad near and east of the Wilkinsburg passenger station, with his left foot severed from the body, which was some distance beyond the foot, covered with snow. When taken to the hospital, he was suffering from "a compound fracture of the frontal bone on the left side and left leg crushed off, and was suffering from severe shock." Counsel for the defendant admitted "that the cause of his death was violent and external."

The case was submitted for trial by the court, without a jury, under the provisions of the Act of assembly of April 22, 1874, P. L. 109. Under the terms of admission, it was agreed: "That the notes of testimony heretofore taken on October 22, 1906, at the former trial of the above-entitled case, shall be the testimony offered in behalf of the plaintiff, together with the policy and classification of exposures and occupations referred to in the testimony as exhibit 1." In addition to the testimony, these facts were agreed upon: "George Price was employed by the Pennsylvania Railroad Company as shifting conductor, with duties at the Union Station in the City of Pittsburg, Pa. His home was in Wilkinsburg, Pa. On the night of December 25, 1903, he worked during the night as usual. A train left the Union Station at Pittsburg on the Pennsylvania railroad for Wilkinsburg shortly after Price stopped working at the Union Station on the morning of the 26th of December, 1903. This train stopped a short distance west of Wilkinsburg. Shortly after this, an east-bound train passed the point on another track. Shortly thereafter, George Price was found by Walter W. Smith, as testified to in the former trial.

"Counsel agree that the court shall draw all inferences from the testimony and these facts which a jury might draw.

"Counsel further agree that the court shall decide the case on two questions:

"1. Is there sufficient evidence from which a jury could find a verdict for plaintiff? If the court so finds for the plaintiff, then

"2. Under the policy and classification of exposures and occupations, what is the amount of damages?"

The court found for the plaintiff, fixing the damages at $1,000, the amount payable under the policy to the insured, in class A, which with interest constitutes the amount of the judgment.

There is a single assignment of error:

"The court erred in entering the following order: And now November 30, 1907, it is hereby ordered that judgment be entered for plaintiff for the sum of $1,210 and costs."

It is assumed in the argument of the appellant, and also of the appellee, that this assignment of error covers both branches of the case.

The appellant directs his argument to the proposition that there was not sufficient evidence from which a jury could find a verdict for plaintiff as well as that the amount of the judgment was in excess of what could be legally recovered under the classification in the policy.

Under the testimony and the admissions, it is clear that the deceased, for whose death recovery is sought under the policy, met his death from "the effects of bodily injury caused solely by external, violent and accidental means," in which event the policy provides, "Or, if death shall result to the insured from such injuries alone within thirty days from the happening thereof, the Society will pay the sum of $1,000.00 to Elizabeth Price, wife, if surviving, or in the event of her prior death, to the legal representatives of the insured. Except, that if the insured shall be fatally, or otherwise injured, while temporarily or otherwise engaged in doing any act or thing pertaining to any occupation or exposure rated or classified as more hazardous than Preferred or Class A, and not herein specifically mentioned as not being covered, the insurance, weekly indemnity or specific indemnity shall be only for such sum as the premium paid will purchase at the rate fixed by said Society for such increased hazard, in accordance with the Classification of Occupations and Exposures of the Society in use at the time of the injury, as per the table printed hereon."

It is admitted that the deceased, who was a passenger shifting conductor, discharging his duties at night, had stopped his

work at the Union Station on the morning on which his body was found.  It seems to be assumed that he was upon the train which left the Union Station at Pittsburg on the Pennsylvania railroad for W lkinsburg shortly after his period for work had ceased.  This being so, he occupied the place of any other passenger upon that train and was not engaged in such hazardous occupation as subjected him to the limitations of the class in which his employment placed him, one of the conditions of the policy being, "First. The insured is permitted to travel as a passenger by regular lines of passenger conveyance anywhere throughout the civilized world." If he was entitled to recover, therefore, we are of opinion that the court was correct in fixing the amount at $1,000, the maximum amount to be recovered under the policy.

Could a recovery be lawfully had under the facts as admitted and proved, and such as can naturally be inferred from all the circumstances of the case?

The policy expressly provides that, "This insurance shall not extend to or cover disappearance . . . . nor death or disability when caused . . . . either directly or indirectly, wholly or in part, from any of the following acts, causes or conditions, or while so engaged or affected, viz.: . . . . either voluntary or unnecessary exposure to danger or to obvious risk of injury . . . . while violating the law."

Among the conditions attached to the policy, it is provided, that, "This policy will be in force only for the term mentioned in the last renewal receipt signed by the Secretary." The appellant alleges that there is no sufficient evidence of the payment of the quarterly premium which continued the policy in force covering the time when the accident occurred, but the testimony of the plaintiff and of her brother, who forwarded the premium, clearly establishes the fact that the premium was paid on or about November 17th, continuing the policy in force for three months thereafter.

The right to recover, therefore, depends upon whether or not the defendant was, at the time of the accident, doing an unlawful act, or was voluntarily and unnecessarily exposing himself to danger or to obvious risk of injury.

As preliminary to the main question, it is important for us to determine whether or not it was incumbent upon the plaintiff to show, in addition to the payment of the premium which continued the policy in force and the death by violent, external and apparently accidental cause, which constituted a prima facie case, that the death of the deceased was not caused by "either voluntary or unnecessary exposure to danger or to obvious risk of injury," or "while violating the law." In other words, upon whom does the law impose the burden of proving the exceptional circumstances in such a case which relieved the defendant of liability? If, in establishing the facts necessary to a recovery, namely, that the death of the deceased was caused by violent, external and accidental circumstances, it had been shown, either affirmatively or by necessary inference, that the deceased, either voluntarily or unnecessarily, exposed himself to danger or to obvious risk of injury, or that he was violating the law, in the sense in which that term is used in the policy, we are of opinion that recovery under the policy would be barred; but if such voluntary exposure or unlawful act is not affirmatively shown by the testimony, or by necessary inference from the circumstances and the other facts referred to, namely, the death by violent, external and accidental means, clearly appear, then in our opinion the plaintiff has established a prima facie case, and it is incumbent upon the defendant to establish, by the preponderance of evidence, the exceptional conditions under which recovery will not be allowed, under the terms of the policy. The appellant argues that the only inference which can be drawn from the circumstances under which the body of the deceased was found is that the deceased voluntarily exposed himself to unnecessary danger and was also engaged in an unlawful act, and that, therefore, the court was bound to say, as a matter of law, that there could be no recovery. In our opinion, it was for the jury to draw from the circumstances of the case the inference as to the manner of the death, inasmuch as there was no positive testimony in reference thereto. The way passenger train, upon which the deceased is assumed to have been a passenger, was stopped west of the station at Wilkinsburg and the Penn Street crossing. His body was found east of the sta-

tion and of the crossing, with his left foot severed from the body and separated from it by some distance. A jury might infer, and the inference is as natural as any other, that he had left the train upon which he is supposed to have been a passenger, had reached the station and was crossing the track at the regular crossing, when overtaken by the east-bound passenger train which struck him and carried his body to the point at which the severed foot was found, and the remainder of his body where it was found, covered with snow, some distance farther east. The court, was therefore, justified in finding affirmatively the first proposition submitted—that there is sufficient evidence from which a jury could find a verdict for plaintiff, unless it were also to find that it was incumbent upon the plaintiff to show affirmatively that the exceptional conditions set forth in the policy which prevented a recovery did not exist. In our opinion, the weight of authority is decidedly against such a proposition. The plaintiff was not bound to prove a negative. If the evidence of the plaintiff presented a case which did not necessarily involve the existence of the exceptional conditions under which recovery was expressly barred, the burden was upon the defendant, by the preponderance of evidence, to show that those exceptional conditions actually existed. There being no testimony offered by the defendant, this burden was not assumed and certainly not successfully carried.

As to the burden of proof, see Dougherty v. Pacific Mut. Life Ins. Co., 154 Pa. 385. "Under a policy insuring against death from such violent and accidental injuries as shall externally be visible on the body, and which alone cause death, evidence that the insured was found dead and mangled on a railroad track, establishes a prima facie case, and casts the burden of proof upon the insurer to show that death resulted from a violation of some of the conditions in the policy specially pleaded in defense:" Meadows v. Pacific Mut. Life Ins. Co., 50 Am. St. Rep. 427 (129 Mo. 76). In a note to this case, on page 441, after reciting what constitutes a prima facie case: "To prevent such recovery, the burden of proof is upon the insurer to show that the death arose from one of the excepted causes enumerated in the policy:" Anthony v. Mercantile Mut. Accident Assn., 162 Mass.

354; 44 Am. St. Rep. 367; Cronkhite v. Travelers' Ins. Co., 75 Wis. 116; 17 Am. St. Rep. 184; Coburn v. Travelers' Ins. Co., 145 Mass. 226; Mallory v. Travelers' Ins. Co., 47 N. Y. 52; 7 Am. St. Rep. 410; Travelers' Ins. Co. v. McConkey, 127 U. S. 661; Home Ben. Assn. v. Sargent, 142 U. S. 691. "If an accident insurance policy excludes liability for injury to the insured caused by his voluntary exposure to unnecessary danger, the burden of proof is upon the insurer to show that the injury is within the excepted cause:" Follis v. U. S. Mut. Acc. Assn., 58 Am. St. Rep. 408 (94 Iowa, 435). "If it appears that a passenger on a railway train, intending to alight at a crossing, left his seat while the train was running, went to the steps, and, descending them, stood on the lower, holding the railing with both hands, and he was next seen acting as if he was going to step down another step, and next holding the railing with one hand, and being dragged, the jury is authorized to find that his resulting injuries were accidental." "The burden of proof" (in such case) "is on the defendant to show that an accident causing death resulted in whole or in part, from voluntary exposure to unnecessary danger:" Smith v. Ætna Life Ins. Co., 91 Am. St. Rep. 153.

The appellant insists that the place at which the body was discovered clearly indicates that the deceased was a trespasser upon the railroad and, as such, was committing an unlawful act, and that the plaintiff is thereby necessarily prevented from recovering, under the terms of the policy. It does not necessarily follow that, because the body of the deceased was found some distance east of the railway station and of the regular crossing, that he was, therefore, a trespasser. It is unnecessary, therefore, for us to determine, as a matter of law, the question as to whether or not, his body being upon the right of way of the railroad when found, the insured was engaged in such an unlawful act as is contemplated in the exception in the policy which prevents recovery. As we view the case, therefore, the court below was justified in finding, under the testimony, the facts agreed upon in the submission of the case and the admission of the defendant, "That the cause of death was violent and external,". that there was "sufficient evidence from which a

jury could find a verdict for plaintiff." As already intimated, the duties of the occupation of the deceased, as a passenger shifting conductor, having ceased for the day, and his presence at the place of the accident showing that he was on his way homeward, as a passenger upon a regular train, he was entitled to the full amount of the indemnity provided for in the policy, and the amount of the judgment was, therefore, in accordance with its terms.

Judgment affirmed.