## Goldenberg *v.* Equitable Life Assurance Society of the United States, Appellant.

Argued May 3, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-field, Parker and James, JJ.

B. J. Jarrett, and with him Karl W. Warmcastle of McCook & Jarrett, for appellant.

Abraham Pervin, for appellee.

Opinion by Stadtfeld, J., July 13, 1934:

This is an action in assumpsit brought by Tillie Goldenberg against The Equitable Life Assurance Society of the United States on a policy of insurance issued on June 20, 1927 to Jacob Goldenberg, under which the defendant agreed to pay to plaintiff, wife of the insured, $1,500 upon proof of the latter's death, and double that amount upon proof of his death in consequence of bodily injury effected solely as the direct result, independent of all other causes, of external, violent and accidental means within ninety days. The statement of claim alleged that the insured died on June 15, 1930 in consequence of an injury within the meaning of the policy, to-wit: from fractured skull received on the same day when an automobile driven by one Joseph Kroniser overturned and fell upon the insured; that defendant paid the face amount of the policy, without prejudice to plaintiff's

claim to the double indemnity under the accidental provision of the policy, but refused to pay the latter sum.

Defendant filed an affidavit of defense in which it denied that the insured's death occurred through external, violent and accidental means as alleged, and averred that his death was the result of his own intentional and wilful acts and that those acts amounted to a violation of law by the insured in two respects, viz: the hanging on and riding on the outside of a moving motor vehicle and while committing an assault and battery on the driver of the automobile, thereby causing the latter to lose control of his car with the result that the car crashed into a fireplug, overturned and fell upon the insured causing injury which brought about his death; that by the terms and provisions of the policy death resulting from any violation of law by the insured is not covered by the double indemnity provision.

At the trial of the case before a judge and jury, defendant conceded that the injury causing death had been effected through external and violent means, and admitted also that death had resulted from a "fractured skull received ...... when an automobile driven by one Joseph Kroniser, overturned and fell upon said" insured. Compliance with the other provisions of the policy was admitted. The trial judge thereupon ruled that a prima facie case of accidental injury had been presented and that the burden was upon defendant to establish the affirmative defense which it had pleaded, namely, that death had resulted from acts of the decedent which were in violation of the law.

Testimony ex parte defendant was to the effect that following a slight collision between the automobiles of Kroniser and the insured, the latter had jumped on the running board of Kroniser's machine while it was in motion, and had struck Kroniser in the face; that

he remained on the running board, striking Kroniser and causing him to lose control of the car, which, after it had progressed along the street for two squares, struck a fire hydrant and overturned onto the insured. In rebuttal, plaintiff offered evidence tending to show that Kroniser had set his car in motion as the insured stepped on the running board; and that the insured had clung to the car to keep from being thrown onto the street, but had not struck the driver.

Request ex parte defendant for binding instructions was refused. The court submitted the case to the jury with instructions, inter alia, as follows: "So if you should find there was an assault and battery committed by the deceased and that the result of it, either the original striking or continued striking, if you find there was continued striking, was to cause Mr. Kroniser to lose control of his car and thereby permit it to strike the water plug and overturn, then you would be justified in saying that the eventual upsetting of the car was the natural consequence of the original assault, and in such case you have to determine whether Mr. Goldenberg should have or did forsee that would be the consequence. In other words, would the ordinary reasonable, prudent person have foreseen, or should he have foreseen that by striking the driver of a moving car he would be apt to cause the driver to lose control? If you find those are the facts, then you should find a verdict in favor of the defendant. ...... As I say, the burden of proof is on the defendant. If it has satisfied you by credible testimony, or the fair weight of preponderance of the credible testimony, that its contention is correct—in other words, was there a violation of the law by the deceased so that it was his own act helped to bring about the ultimate upsetting of the automobile and, therefore, his death—then the defendant has brought the case within the exception in the policy and your

verdict should be for the defendant. If the defendant has not satisfied you to that extent, or if the plaintiff has satisfied you there was no law violation on the part of Mr. Goldenberg, then the case is not within the exception and your verdict should be in favor of the plaintiff ......''

The jury found in favor of plaintiff. Motions for new trial and for judgment n. o. v. were overruled in an opinion by MARSHALL, (ELDER W.) J., and judgment entered on the verdict. From that judgment this appeal is taken.

The assignments of error relate to certain rulings of the court during the trial, the refusal of judgment n. o. v., to portions of the charge and its alleged inadequacy.

Appellant contends that the trial judge erred in not instructing the jury, that after the introduction of defendant's evidence, contradicting the presumptions raised in plaintiff's prima facie case, the burden of proving that insured's injury was effected solely through accidental means, was shifted back to the plaintiff.

The admitted facts were that the insured came to his death from a fractured skull sustained when an automobile overturned and fell upon him. As stated in the opinion of the lower court, ''Taken in its most favorable aspect, defendant's proof did not controvert the fact of accidental injury; it merely tended to show that the accident has its origin in an unlawful act of the insured.'' It was conceded by defendant during the charge to the jury that the mere riding on the running board or the mere assault in themselves, unless they were contributing or proximate cause, plaintiff would be entitled to recover, and the burden was on the defendant to make clear that these alleged unlawful acts of the injured party were the primary cause of the accident. We believe that the trial judge

did in terms so instruct the jury. The verdict established the disputed facts in favor of plaintiff.

An accident is defined by Webster as "an event that takes place without one's foresight of expectation; an undesigned sudden and unexpected event; chance; contingency."

Cooley's Briefs on Insurance, 2nd Edition, Vol. 6, page 5234, defines accidental means as follows: "Strictly speaking, a means is accidental perhaps only when disassociated from any human agency, but this narrow interpretation is not recognized in the law of accident insurance...... An effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be reasonably anticipated from the use of such means, an effect which the actor did not intend to produce and which he can not be charged with the design of producing, is produced by accidental means."

In I Corpus Juris, page 425, we find the following: "The terms 'accident' and 'accidental' as used in insurance policies covering accidental death or injuries by accident or accidental means are presumed to be employed in their ordinary and popular sense as meaning happening by chance; unexpectedly taking place; not according to the usual course of things; not as expected; an event which takes place without the foresight or expectation of the person acted upon or effected by the event."

In United States Mutual Accident Association v. Barry, 131 U. S. 100, the following instructions were approved by the Supreme Court of the United States: "......the term 'accidental' was used in the policy in its ordinary, popular sense, as meaning 'happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected;' that, if a result is such as follows from ordinary

means, voluntarily employed, in a not unusual or unexpected way, it cannot be called a result effected by accidental means; but that if, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means.''

Where the defense is that there has been a violation of a provision in the policy, intended to relieve the insurer from liability in a given contingency, such defense is an affirmative one, and the burden of establishing it is laid upon the insurer: Dougherty v. Pacific Mutual Insurance Co., 154 Pa. 385, 25 A. 739; Price v. National Accident, 37 Pa. Superior Ct. 299; Bowers v. Great Eastern Casualty Co., 260 Pa. 147, 103 A. 536; Travelers Insurance Co. v. McConkey, 127 U. S. 661.

As stated in Price v. Nat. Accident Society, supra, p. 305: ''The plaintiff was not bound to prove a negative. If the evidence of the plaintiff presented a case which did not necessarily involve the existence of the exceptional conditions under which recovery was expressly barred, the burden was upon the defendant, by the preponderance of evidence to show that those exceptional conditions actually existed.''

We believe that the prima facie case made out by plaintiff shifted the burden on the defendant to establish its affirmative defense. The alleged acts of the insured, which are relied upon by appellant as the acts of which death was the natural and probable consequence and therefore should have been foreseen, were the illegal acts charged. The burden was clearly on the defendant to prove the same. The conflicting testimony on this point raised an issue of fact which was submitted by the trial judge in a fair and comprehensive charge from which we have quoted supra.

Appellant complains of the alleged inadequacy of the court's charge in several matters. We have care-

fully examined the same, as also the able and exhaustive brief of appellant, but we are not convinced that the lower court did not fully and fairly present the issues involved on the trial of the case. The case was ably tried and we do not find anything in the record which would warrant a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.