**FRIEZE et al. v. WEST AMERICAN INS. CO.**

No. 14236.

United States Court of Appeals
Eighth Circuit.

July 26, 1951.

William H. Burden, A. L. Shortridge, and William O. Russell, all of Joplin, Mo., for appellant.

Karl W. Blanchard and Seiler, Blanchard & Van Fleet, all of Joplin, Mo., for appellee.

Before COLLET and STONE, Circuit Judges, and DELEHANT, District Judge.

PER CURIAM.

Heretofore, appellee has filed a petition for rehearing which was denied. It now offers for filing a second petition for rehearing. This last petition presents one of the matters included in its first petition and urges it with particular emphasis. We conclude that this Second Petition for Rehearing should be allowed filed in order that it may be passed upon by this Court. Thus, the appellee will have its record complete for presentation of its petition for certiorari.

This second petition should be denied. Our opinion, reversing and remanding is based upon the conclusion that the right of appellee to cancel the policy did not exist because appellee had not delivered to the insured a copy of the policy containing the provisions covering cancellation—such being required by section 383.5 of the California Insurance Code. This section of the Insurance Code was not brought to the attention of the trial court. Its first

382

appearance in this case is in the main brief of appellants upon this appeal. Appellee urges that we cannot *reverse* the case solely upon this ground which was not brought to the attention of the trial court.

The rules as to when and why the Supreme Court or a Court of Appeals will give consideration to an issue not raised below have been stated by Mr. Justice Black in Hormel v. Helvering, Commissioner, 312 U.S. 552, 556–559, 61 S.Ct. 719, 85 L.Ed. 1037. Also, see clear statement by Judge Riddick, of this Court, in United States v. Harrell, 8 Cir., 133 F.2d 504, 506–507, and see Bergeron v. Mansour, 1 Cir., 152 F.2d 27, 32. Compare Sulzbacher v. Continental Casualty Co., this Court, 8 Cir., 88 F.2d 122, 124. Some others, of numerous cases, are Bartholomew v. Commissioner of Internal Revenue, this Court, 186 F.2d 315, 319; New York, N. H. & H. R. Co. v. Reconstruction Finance Corporation, 2 Cir., 180 F.2d 241, 243–244; United States v. Brooks, 4 Cir., 176 F.2d 482, 483; and Yorkshire Ins. Co. v. United States, 3 Cir., 171 F.2d 374, 376.

 These rules may be summarized as follows. Consideration of such new issues is entirely discretionary. It is an exception to the general rule and is to be sparingly done. Such new issues will not be considered if the purpose and result would be reversal of the case unless public policy or the prevention of a plain miscarriage of justice requires. Where such new issues are considered by the appellate court, the case will be remanded for decision, by the trial court, of any uncertain or disputed facts related to such issues. Where the new issues involve undisputed facts, the appellate court may reverse and remand with directions to the trial court to proceed in accord with the decision of the appellate court.

 There is not and cannot be any dispute as to the fact situation affected by section 383.5 here. Appellants have discussed fully, in their main and reply briefs, this section. Appellee has done likewise in its brief on the merits and in its earlier and present petitions for rehearing. No possible purpose could be served by remanding the case for consideration of this point by the trial court.

The foregoing citations and situation establish clearly the power and right of this court to consider and determine this issue as to the effect of section 383.5. This second petition is ordered filed and is

Denied.