**ALBERS MILLING COMPANY,**
Appellant,

v.

**FARMERS PRODUCE COMPANY, a Corporation, Al Faubus and Bob Faubus, and O. L. Henderson, Appellees.**

No. 15230.

United States Court of Appeals
Eighth Circuit.

June 7, 1955.

Hardy W. Croxton, Hardy, Ark. (Heartsill Ragon, Fort Smith, Ark., was with him on the brief), for appellant.

E. J. Ball, Fayetteville, Ark. (Rex W. Perkins, Fayetteville, Ark., was with him on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from a judgment which determined the rights of relative claimants to a fund arising from the sale of certain chickens which had been taken possession of pursuant to a levy under execution issued on a judgment entered in favor of the Albers Milling Company and against Jim Robinson doing business as The Westark Feed Company. After the property had thus been levied upon under the execution a number of adverse claimants intervened and it was stipulated that the execution be withdrawn, that the chickens levied upon be sold and the proceeds of such sale paid into the registry of the court, subject to a hearing on the question of the distribution of said proceeds. The terms of the stipulation were embodied in an order of court duly entered.

The Albers Milling Company claimed the entire fund arising from the sale of the chickens by reason of its unsatisfied judgment against Jim Robinson for $9,600.00 which confessedly had not been paid. O. L. Henderson claimed an interest in the fund because of his partnership with the defendant Robinson, and Farmers Produce Company and Al and Bob Faubus claimed ownership in the chickens and a right to the proceeds of the sale less one-half the profit resulting from the services rendered by Robinson and Henderson in raising and feeding the chickens during the time they were in their possession.

The court on the trial of the issues presented found among other things that:

"Early in 1954, the defendant Robinson owned or had control of certain facilities for the raising of chickens. He and O. L. Henderson agreed that if Robinson would procure the chickens and supplies, Henderson would furnish the labor and they would split the profit, if any, they made upon the chickens.

"Thereafter, Robinson went to the Farmers Produce Company at Springdale, which was being operated by the intervenors, Al and Bob Faubus, under contract with the Produce Company, and discussed the situation with Bob Faubus. At that time Faubus agreed to furnish Robinson the chickens, feed, utilities, etc., Robinson was to furnish the place and the labor, and if there was a loss it would be absorbed by Faubus and Farmers Produce Company and would not be charged against Robinson.

" * * * on the flock of chickens involved herein no chattel mortgage was taken and both Robinson and Faubus understood that Farmers Produce Company and Faubus were the owners of the chickens until they were sold. They did not enter into a written contract and did not, in so many words, talk in terms of conditional sales or title retention agreements. They merely understood, as was the custom, that Farmers Produce Company and Faubus, having placed the chickens on Robinson's place under a no-loss arrangement, 'owned' the chickens until they were sold. In other words, Robinson paid nothing for the chickens

or feed and was under no obligation to do so until the chickens were sold. If all the chickens had died Robinson would have owed Farmers Produce Company and Faubus nothing. These are factors upon which the custom is based and which caused Robinson and Faubus to understand and agree that Farmers Produce Company and Faubus retained ownership of the chickens.

"The chickens were raised by Henderson on Robinson's place in accordance with their fifty-fifty agreement, and as heretofore stated were sold for the sum of $8,426.60, which has been paid into the registry of the Court.

"Farmers Produce Company and Al and Bob Faubus furnished chickens and supplies to Robinson of the value of $7,539.83, and have not received payment therefor."

Pursuant to these findings and others to which further reference will be made during the course of this opinion the court concluded as a matter of law that:

"The Intervenors, Farmers Produce Company and Al and Bob Faubus, were at all times the owners of the chickens involved herein, and the only interest the defendant Robinson had in the chickens was a one-half interest in the profits, if any, derived from the sale of said chickens.

"The amount of profit made on the chickens was $886.77, of which Robinson was entitled to $443.38.

"This amount, $443.38, less the costs of this proceeding, should be paid to the plaintiff, Albers Milling Company, and credited upon the judgment heretofore entered in this case on September 20, 1952.

"The Intervenor, O. L. Henderson, is entitled to receive from the sum in the registry of the Court one-half of the profits, or the sum of $443.39.

"The Intervenors, Farmers Produce Company and Al and Bob Faubus, are entitled to receive from the sum in the registry of the Court $7,539.83."

Judgment was entered accordingly. From the judgment so entered the Albers Milling Company prosecutes this appeal and seeks reversal on substantially the following grounds:

1. The Court erred in finding that title to the chickens was retained by the intervenors because of custom of the trade.

2. The Court erred in finding the intervenors, Farmers Produce Company (Farmers Feed Store) and Al and Bob Faubus, were owners of the chickens at all times when in fact all the record exhibits show that Farmers Feed Store is owned by C. L. Garrett, and the legal relationship of Farmers Feed Store and Al and Bob Faubus is not shown.

3. Findings of fact of the lower Court were not based on substantial evidence.

4. Findings of fact will not support conclusions of law.

██ There is of course a presumption that the findings of the court are correct and will not be set aside unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. This is so well established that we forbear the citation of any authorities except the rule itself. It appears without dispute in the evidence that the intervenors, Farmers Produce Company and Al and Bob Faubus, were the owners of the chickens here involved at and prior to the time they entered into negotiations with Robinson. As a result of these negotiations they parted with possession of the chickens. There is no evidence that they transferred title and the transaction resulted in the creation of a bailment. The court found that by prevailing custom in the trade one of the methods employed by feed dealers in selling their feed was a so-called fifty-fifty or percentage deal, where the dealer furnished the chickens, feed, utilities, medicines, and other expenses, the growers furnished the place and the labor and they split the profit, if any, and if there were a loss on the chickens the dealer absorbed the loss and it was not charged against the grower. The court concluded that this was substantially the form of contract entered into between the inter-

venors, Farmers Produce Company and Al and Bob Faubus, and Robinson. There is no claim that the appellant extended credit to Robinson relying on his apparent ownership of the property and the contract of bailment being good as between the parties was good as to the judgment creditor. The judgment creditor could reach only such interest in the property as belonged to Robinson and this the trial court meticulously determined and awarded to the judgment creditor. The claim that the judgment creditor here was an innocent third party is wholly without merit. The general rule is stated in 21 Am.Jur., Executions, page 190, as follows:

" * * * the general rule is that property of one person is not subject to a levy or sale under an execution issued against another person; such levy and sale may include only the interest of the execution debtor in the property."

■ Under the law of Arkansas title may be reserved by parol and in Pugh v. Camp, 213 Ark. 282, 210 S.W.2d 120, the court held that where the owner in trading his automobile to a dealer reserved title until the ownership papers to the vehicle received were furnished the sale of the automobile by the dealer passed no title since he had none to pass and that such reservation of title could be by parol.

■■ It is contended that the proof was insufficient to establish the custom of the trade referred to by the court in its findings. We think the testimony was ample to sustain the finding but are of the view that regardless of the custom there was no evidence that the intervenors, Farmers Produce Company and Al and Bob Faubus, ever parted with their title and it was incumbent upon the judgment creditor to prove that the property it had levied upon was that of the judgment debtor. The title never having been transferred it was of necessity retained and this they could legally do under the Arkansas law.

■■ The complaint in intervention in this case was filed by Farmers Produce Company, a corporation, Al Faubus and Bob Faubus, and O. L. Henderson. The allegations of the complaint were not challenged by answer and the complaint alleged that the Farmers Produce Company and Al and Bob Faubus retained title to the chickens here involved. Just whether title was in the individuals named or in the company is not now very material, the identity of the owner not having been contested in the lower court. The question was not presented to the trial court in any form and cannot for the first time be raised here for the purpose of reversing the judgment. Mutual Benefit Health & Accident Ass'n v. Cohen, 8 Cir., 194 F.2d 232; Frieze v. West American Ins. Co., 8 Cir., 190 F.2d 381; Montgomery Ward & Co. v. Langer, 8 Cir., 168 F.2d 182. There being no objection to any of the testimony if there is any variance between the findings and the allegations of the complaint in intervention it will be presumed that the pleadings have been amended to conform to the proof. Rule 15(b), Federal Rules of Civil Procedure; Vogrin v. Hedstrom, 8 Cir., 220 F.2d 863; McAllister v. Sloan, 8 Cir., 81 F.2d 707; Schmidt v. United States, 8 Cir., 63 F.2d 390; Ruud v. American Packing & Provision Co., 9 Cir., 177 F.2d 538.

■ The court having found that title to the chickens here involved never vested in Robinson and having awarded appellant the value of such property rights as Robinson had in the chickens, it received all that it was entitled to recover. What disposition the court may have made of the balance of the fund was of no concern to appellant as it in no event was entitled to any part of it. If there is any question as to which of the intervenors or in what proportion they are entitled to the funds it is a matter peculiarly of interest for them only. If, therefore, there was any error in this regard it was clearly error without prejudice so far as appellant was concerned.

We have considered all the other contentions of appellant and think them without merit. The judgment appealed from is therefore affirmed.