STATE of Missouri, Appellant,

v.

Reba KEITER, Respondent.

No. 50890.

Supreme Court of Missouri,

Division No. 1.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., for appellant

Davis & Hannegan, Ervin D. Davis, St. Charles, for respondent.

HOUSER, Commissioner.

This is a civil action brought by State of Missouri by its Supervisor of Liquor Control under the provisions of § 311.-840, V.A.M.S., to declare contraband certain intoxicating liquors seized by the agents of the state and to order the same sold. Submitted to the circuit court on the pleadings the finding was for defendant. It was adjudged that the state take nothing by its petition and that the property seized be released to defendant. The state appealed. We have jurisdiction because State of Missouri is a party to the action. Art. V, § 3, Mo.Const.1945, V.A.M.S. We affirmed the judgment on the first argument of the appeal but later sustained the state's motion for a rehearing. The cause has been briefed and argued a second time.

All allegations of fact contained in the petition as amended were admitted by defendant. The following is a summary of the facts thus conceded: Defendant operates a private club in St. Charles County. No license has been issued under the liquor control law to defendant or any other person for the sale of intoxicating liquor at the club premises. On August 10, 1962 three agents of the department of liquor control and a state highway trooper entered the club premises and there purchased from defendant 6 highballs made with intoxicating liquor. On the same day two of the agents and the county sheriff arrested defendant at the club premises for the sale of intoxicating liquor without a license. At the time of the arrest two of the agents seized 4 cases of bourbon whiskey, 1 case of wine and 92 bottles of assorted liquors, wines, whiskeys, gin, etc. The intoxicating liquor seized "was possessed and stored for sale" at the club premises.

The state relies upon and contends that the liquor seized should have been declared contraband and forfeited under the provisions of § 311.810(2), V.A.M.S. On the first argument of this appeal the state relied upon § 311.050 as the basis for its theory that the defendant's storage and keeping of the intoxicating liquor was unlawful and that the liquor is contraband. On rehearing the state relies upon § 311.-740(1) as the basis for its contention that defendant's storage and keeping of intoxicating liquors was unlawful.

Section 311.810(2) declares "[a]ll intoxicating liquor unlawfully * * * stored, [or] kept, * * * contraband, * * *" and provides that " * * * no right of property shall be or exist in any person * * * owning, furnishing or possessing any such * * * liquor * * *; but all such intoxicating liquors * * * shall be sold upon an order of the court and in the manner provided in this chapter * * *."

Section 311.740(1) provides, in part: "Any room, * * * building, * * * structure or place of any kind where intoxicating liquor is * * * kept for sale or bartered, in violation of this law and all intoxicating liquors and all property kept and used in maintaining such a place * * is hereby declared to be a public and common nuisance, and any person who maintains or assists in maintaining such public and common nuisance shall be guilty of a misdemeanor * * *."

Under the admitted facts intoxicating liquor was possessed and stored for sale at the defendant's place. This is the same as "kept for sale" as that term is used in § 311.740(1). Under the admitted facts defendant, an unlicensed person, sold 6 highballs of intoxicating liquor at the place of business operated and managed by her in St. Charles County known as the Lake Village Yacht Club. The operation, management and maintenance of this place, the keeping of intoxicating liquor for sale, and the actual sale there of intoxicating liquor by the unlicensed defendant, all in violation of § 311.740(1), constituted the premises

and the liquor a public nuisance, made of defendant a misdemeanant and amounted to an unlawful storing or keeping of intoxicating liquor for sale in violation of law within the meaning of the contraband statute, § 311.810(2). Under that section the liquor seized is contraband and must be ordered sold as in such cases made and provided.

Appellant claims that the evidence is insufficient to support this result. Specifically, appellant objects that the admissions of fact do not indicate that defendant *maintained* a nuisance on these premises. She says that maintaining a nuisance denotes continuous or recurrent acts approaching permanence, and urges that the evidence does not prove that intoxicating liquor was sold more than once.

Repeated sales were not necessary to justify a finding of unlawful storage and keeping of intoxicating liquor on the basis that a public and common nuisance was being maintained. The surrounding circumstances warrant the inference that the sale of 6 highballs on this single occasion was one of the ordinary and usual incidents of the business conducted on the premises in question. The quantity and variety of liquors, wines, gins, liqueurs, rums, brandies, bitters and mixes on hand at Lake Village Yacht Club, which were admittedly possessed and stored *for sale*, amply justify the inference that this was not the first sale and was not intended to be the last sale of liquor on the premises; that the sale of intoxicants and mixed drinks as ordered by customers was the usual and customary course of conduct there. In Lewinsohn v. United States, 7 Cir., 278 F. 421, petition denied by the Supreme Court in 258 U.S. 630, 42 S.Ct. 463, 66 L.Ed. 800, under an act of Congress almost identical with § 311.740 (1), the court said, 278 F., l. c. 425 [3]: "Counsel stresses the necessity of proving repeated sales in order to justify a finding of a common nuisance, * * *. But such a test is neither an accurate nor an exclusive one. The court might well conclude from evidence of a single sale that the room or the building was a common nuisance and

that it was a place where liquor was 'being manufactured, sold, kept or bartered' in violation of the statute. No doubt repeated sales of the same beverage on other occasions and under other circumstances might justify greater certainty in the trier's mind as to the use to which the building was being put. There could be, however, an almost irrefutable conclusion drawn from a single sale, provided the facts surrounding such sale warranted the inference that it was one of the ordinary and usual incidents of the business there conducted. * * *"

Our first impression of this case was that the petition did not plead facts sufficient to sustain a declaration of contraband for illegal possession and storing of intoxicating liquors for sale because the facts did not show that the intoxicating liquors were *exposed for sale* in violation of § 311.050, as contended by the state. On reconsideration we are now holding in effect that the petition does state sufficient facts to sustain a declaration of contraband for illegal possession and storing of intoxicating liquors for sale because kept for sale in a place which constituted a common and public nuisance in violation of § 311.740(1), upon which statute the state now relies.

Section 311.740(1) was not brought to the attention of the trial court or this court in the first briefing and argument of this appeal. It was first referred to in the state's motion for a rehearing. Respondent claims that the state's contention that the liquor is contraband because illegally possessed and stored for sale in violation of § 311.740(1) should not be entertained because this is a new theory of recovery not presented to the trial court by pleading, evidence or motion for new trial but was first advanced in the motion for rehearing. Except as specifically authorized by exception to the general rule no claim of error may be considered by an appellate court in civil appeals unless it was presented to or expressly decided by the trial court. Section 512.160, V.A.M.S.; Civil Rule 79.03, V.A.M.R.; Mayor v. Mayor, Mo.Sup., 349 S.W.2d 60, 62 [2]. In accordance with the general rule

it has been held that parties who rely upon a certain statute at the trial, having tried their case on that theory, will not be permitted to rely upon a different statute on appeal. State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo. App., 281 S.W.2d 511, 515 [9]. One exception allowed in exceptional circumstances is that provided by Civil Rule 79.04, namely, that an appellate court in its discretion may consider plain errors affecting substantial rights on appeal though not raised in the trial court or preserved for review, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom. That exception is applicable here. It is obvious that a miscarriage of justice will result from a failure to consider the newly assigned error. In the circumstances of this case we have determined that it is not necessary to remand the case for consideration of this new point, but have determined the effect of the statute here and now on this appeal. These circumstances are that the newly injected issue involves undisputed facts (the facts were agreed to in this case) and the parties have had a full opportunity on rehearing to consider and discuss and have considered and discussed the case in the light of the newly discovered statute, both in their briefs and in oral argument on rehearing. In this situation no good purpose could be served by remanding the case for consideration by the circuit court. Frieze v. West American Ins. Co., 8 Cir., 190 F.2d 381.

Accordingly, the judgment is reversed and the cause remanded with directions to enter the appropriate orders under § 311.-840, V.A.M.S.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.