**M.S. CONWAY CONSTRUCTION CO., INC., Plaintiff-Respondent,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellant.**

**No. WD 34894.**

Missouri Court of Appeals, Western District.

Oct. 16, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 27, 1984.

Application to Transfer Denied Jan. 15, 1985.

Before TURNAGE, C.J., and SOMER-VILLE and MANFORD, JJ.

TURNAGE, Chief Judge.

Prudential Insurance Company appeals from the refusal of the trial court to set aside a default judgment entered against it. M.S. Conway Construction Company appeals from the judgment entered in its favor on the ground that the court erroneously awarded only the statutory nine per cent rate of interest from the date of judgment, rather than the parties' contractual rate of interest. Affirmed.

Conway filed suit against Prudential in January of 1983 in which it sought to recover the contract price plus interest for repair work it performed on a shopping center parking lot owned by Prudential. On January 7, 1983, Conway obtained service pursuant to law on the Superintendent of Insurance for the State of Missouri. The summons and petition were mailed to Prudential's home office in New Jersey, and by that office forwarded to its Chicago regional office. Prudential did not file responsive pleadings and was thus in default on February 7, 1983.

On February 11, 1983, Conway moved for a default judgment and hearing, and on February 23, the court conducted a hearing and entered judgment awarding Conway $41,226.84, together with interest on the judgment at nine per cent per annum.

On March 2, 1983, Prudential moved to set aside the default judgment,[1] pleading that its default was a result of excusable neglect, that it had a meritorious defense to the suit, and that Conway would not be injured if the court sustained the motion. On April 1, 1983, the court held a hearing on the motion to set aside and Prudential presented only the testimony of its associate regional counsel for real estate. Counsel testified he received the summons and petition at his Chicago office and then placed the papers in his briefcase because

William E. Simmons, Kent T. Perry, Wagner, Leek & Mullins, Kansas City, for defendant-appellant.

Dennis J.C. Owens, Gary McMillan, Raymond, Raymond & Owens, Kansas City, for plaintiff-respondent.

---

**1.** Prudential filed its motion to set aside the default judgment within fifteen days after the entry of final judgment. Although the motion was untimely under Rule 74.05, the courts consider such a motion as a timely filed new trial motion and reach its merits on that basis. *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 87 n. 2 (Mo. banc 1983).

he was leaving that day to discuss other business in Kansas City. Counsel stated that he met with local counsel in Kansas City and discussed various legal matters with him. He thought he had delivered the Conway suit papers to local counsel, but he was called on February 24, 1983, and advised that a default judgment had been entered in favor of Conway on February 23. Investigation revealed that Prudential's counsel had failed to leave the papers with local counsel in Kansas City, but had inadvertently taken them back to Chicago, where they were placed in a file in the Prudential offices and forgotten. On May 16, 1983, the court overruled Prudential's motion to set aside the default judgment.

Prudential contends on appeal that its failure to file a responsive pleading was the result of excusable neglect or mistake, and that it had a meritorious defense to the lawsuit, thus, the trial court erred in refusing to set aside the default judgment. The action of a trial court in sustaining or overruling a motion to set aside a default judgment is generally within its discretion. *Whitledge v. Anderson Air Activities*, 276 S.W.2d 114, 116[3] (Mo.1955). The general rule is that, in order to justify a trial court in setting aside a default judgment, a defendant must have shown he has a meritorious defense, and he has good reason or excuse for the default. *Id.* The defendant must show both his meritorious defense and the excuse for his default in order to warrant setting aside the default judgment. *J.G. Jackson Associates v. Mosley*, 308 S.W.2d 774, 778[4–6] (Mo.App.1958). Further, when a trial court has overruled a motion to set aside a default judgment, the judgment will not be disturbed on appeal unless the elements of reasonable excuse and meritorious defense are so clearly apparent that it is manifest the refusal to set aside was arbitrary. *Whitledge*, 276 S.W.2d at 116[3].

Prudential contends that it was excusable human error for its regional counsel to become engrossed in other matters and forget to transfer the suit papers to local counsel in Kansas City. While each case involving the existence of good cause or excusable neglect is to be considered on its own facts, cases exist where papers have been filed and forgotten or misrouted. In *Distefano v. Kansas City Southern Railway Co.*, 501 S.W.2d 551 (Mo.App.1973), this court considered whether or not good cause existed for failure to file an answer when a company clerk placed the suit papers in a drawer and forgot about them. This court held such action was unmitigated negligence. *Id.* at 553. In *Ward v. Cook United, Inc.*, 521 S.W.2d 461 (Mo. App.1975), this court held that there was no excusable neglect for a default when the suit papers had been misrouted through an insurance company. In *Hughes v. Christian*, 586 S.W.2d 788 (Mo.App. 1979), the suit papers were given to an employee of the defendant, whose duty it was to secure the defendant's attorney to defend the suit. The papers were never located and were never delivered to an attorney. This court held that good cause for the default was not shown.

Prudential asserts that forgetfulness constitutes good cause or excusable neglect for its default. However, the preceding cases each involved this human element and the courts consistently held that forgetfulness or misrouting of papers within an organization does not constitute good cause for default. Prudential proves nothing more than forgetfulness to excuse its default, and under the reasoning of the above-mentioned cases, Prudential has not shown good cause or excusable neglect for its default to Conway's suit. The trial court thus did not abuse its discretion in overruling Prudential's motion to set aside the default judgment. Because Prudential failed to demonstrate good cause for the default, there is no need to examine the question of whether or not Prudential had a meritorious defense.

Prudential raises other points on this appeal, but those points were never presented to the trial court by pleading, evidence, or its motion to set aside the judgment. In *State v. Keiter*, 394 S.W.2d 399, 401[3, 4] (Mo.1965), the court held:

Except as specifically authorized by exception to the general rule no claim of error may be considered by an appellate court in civil appeals unless it was presented to or expressly decided by the trial court.

The rule in *Keiter* was reiterated in *Bunting v. McDonnell Aircraft Corp.*, 522 S.W.2d 161, 168[11] (Mo. banc 1975). In *In re Marriage of Hanners*, 549 S.W.2d 941, 942[3] (Mo.App.1977), the court applied this rule in an appeal from the refusal of a trial court to set aside a default judgment. Because Prudential's remaining points were not presented to the trial court they may not be considered on this appeal.

Conway's cross-appeal suffers from the same infirmity. Conway never presented the question of interest on the judgment to the trial court in any fashion. For the reasons just discussed, Conway's cross-appeal presents nothing for review.

The judgment is affirmed. Costs are divided equally between the parties.

All concur.